IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO BREWSTER, | ) |
| Petitioner, | ) CASE NO. 3:09-0491 |
| | ) JUDGE HAYNES |
| v. | ) |
| JOSEPH EASTERLING, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner, Antonio Brewster, filed this pro se action originally in the Western District of Tennessee seeking the writ of habeas corpus. Petitioner challenges his convictions of first degree felony murder, two (2) counts of attempted first-degree murder, aggravated robbery and attempted aggravated robberies. Given his conviction in a county in this District, this action was transferred to this District.

After the transfer, the Court ordered a response and Respondent filed a motion to dismiss this action as untimely that the Court denied without prejudice to renew. (Docket Entry No. 28). On May 3, 2010, the Court appointed the Federal Public Defender to represent Petitioner and granted leave to file an amended petition. Petitioner has not filed an amended petition. The Court also granted Petitioner's motion to extend the time to file an amended petition. (Docket Entry No. 34). After a review of the file, the Court gave Petitioner ten (10) days to show cause why this action should not be dismissed as untimely. See Day v. McDonough, 547 U.S. 198 (2006). Petitioner and his counsel responded with assertions of his reliance on inmate advisors and a request for an evidentiary hearing. There were not any specific facts or proof submitted.

1

On October 18, 1996, a Davidson County Grand Jury charged Petitioner with first-degree felony murder, two (2) counts of attempted first-degree murder, aggravated robbery, and attempted aggravated robbery. (Docket Entry No. 23-1 at 1-6). After a trial, the jury convicted Brewster on all charges. Id. at 23, 27-30; Docket Entry No. 23-2 at 577-580. The jury sentenced Petitioner to life imprisonment without the possibility of parole for his conviction of first-degree felony murder. (Docket Entry No. 23-1 at 23). On July 25, 1997, the trial court sentenced Brewster to serve fifty-nine (59) years imprisonment for his remaining convictions, forty-four (44) years of which were ordered to be served consecutively to his life sentence. State v. Brewster, No. M1999-00989-CCA-R3-CD, 2000 WL 549277, at *1 (Tenn. Crim. App. May 5, 2000)(app. denied Jan. 8, 2001)

Brewster's trial counsel failed to timely file a motion for new trial. Id. On November 7, 1997, through original trial counsel, Petitioner filed a motion to allow the late filing of a motion for new trial. (Docket Entry No. 23-1 at 31). After a hearing "[t]he trial court denied that motion, but appointed new appellate counsel to represent [Brewster]. [Brewster] then filed a post-conviction petition seeking a delayed appeal. See Tenn. Code Ann. § 40-30-213. The trial court granted the defendant permission to seek a delayed appeal, and [Brewster] filed a motion for new trial." Brewster, 2000 WL 549277, at *1.

On or about January 21, 1998, Brewster, with new counsel, Petitioner filed a state post-conviction petition seeking inter alia, that he be allowed to file a motion for new trial. (Docket Entry No. 23-1 at 36-38). On March 26, 1998, the trial court approved an agreed order allowing Brewster to file a motion for new trial. Id. at 39. On April 24, 1998, Petitioner's

2

counsel filed a motion for new trial. Id. at 40-41. On November 12, 1998, Petitioner filed an amended motion for new trial. Id. at 47-48. On January 11, 1999, the trial court denied Petitioner's motion for new trial, but modified his sentence to order the forty-four (44) year sentence to be served concurrently with his life sentence. Id. at 50-54. On or about January 19, 1999, Brewster filed a notice of appeal. Id. at 55.

On May 5, 2000, the Tennessee Court of Criminal Appeals affirmed the judgment trial court's order. Brewster, 2000 WL 549277 at *7. On January 8, 2001, the Tennessee Supreme Court denied discretionary review. Id. at *1. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. On October 8, 2008, over six (6) years after the Tennessee Supreme Court denied review, Petitioner filed this action.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as codified in 28 U.S.C. § 2244 (d)(1), provides a one year statute of limitations for § 2254 habeas corpus petitions attacking judgments that became final after the effective date of the statute. The statute begins to run from the latest of:

> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

3

When the Tennessee Supreme Court denied discretionary review, Petitioner had ninety (90) days to file a petition for writ of certiorari in the United States Supreme Court, but did not do so. Thus, the one (1) year limitations period in AEDPA commenced on January 9, 2001 are Petitioner had until January 8, 2002 to file a timely petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his first action until October 8, 2008. Thus, the action is time-barred. For equitable tolling, petitioner cites his ignorance of the limitations period and his reliance on inmate legal advisors, but does not submit any proof of either.

Equitable tolling in habeas action is to be applied "sparingly." Souter v. Jones, 395 F.3d 577, 588 (6th Cir. 2005). There is not any entitlement to an evidentiary hearing without some specific factual showing. McSwain v. Davis, 287 Fed. Appx. 450, 461-62 (6th Cir. 2008) There are five factors to be considered on whether to apply equitable tolling: (1) Petitioner's lack of knowledge of the filing requirements; (2) Petitioner's lack of constructive knowledge of the filing requirements; (3) Petitioner's diligence in pursing his rights; (4) the lack of prejudice to the respondent; and (5) Petitioner's reasonableness in remaining ignorant of the filing requirement. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2006). Petitioner does not analyze all of these five factors.

As a matter of law, reliance upon others is not grounds for equitable tolling. Solomon v. United States, 467 F.3d 928, 933-34 (6th Cir. 2006); Smith v. Beightler, 49 Fed. Appx. 579 (6th Cir. 2002). Petitioner's cited reliance on inmate legal advisors suggests his awareness of the filing requirement. Petitioner's waiting until almost six years upon inmate assistance is unreasonable. A lone year delay was held not to warrant equitable tolling for a prisoner with two life sentences. McClendon v. Sherman, 329 F.3d 490, 492, 494-95 (6th Cir. 2003). As set

4

out supra at 2, Petitioner's state proceedings also involved a timeliness issue that would be expected to heighten Petitioner's diligence in pursuing his federal claims. Finally, prejudice to the State is not to be considered until other bases are shown to warrant equitable tolling. Jurado v. Burt, 337 F.3d 638, 644 (6th Cir. 2003). Considering the five factors and Petitioner's response, the Court concludes that this action is untimely and extraordinary circumstances do not exist to justify equitable tolling.

Accordingly, this action must be dismissed with prejudice as untimely.

An appropriate Order is filed herewith.

Entered this the ___ day of December, 2011.

William J. Haynes, Jr.
United States District Judge